FRANCIS ARENZ, appellant *v.* WILLIAM REIHLE and JOSEPH BAINS, appellees.

*Appeal from Morgan.*

Where the Court below hear the testimony on both sides, a bill of exceptions will not lie to the judgment of the Court, though the parties agree that there shall be "the same right to except to any opinion of the Court during the progress of the trial and upon final judgment, as though the cause were tried before a jury, and such exception shall be considered in the Supreme Court, as though the cause were tried by a jury."

A party cannot assign for error an erroneous decision which does not prejudice his rights.

Where an attachment was levied on goods in the possession of S., and upon a trial of the right of property between S., and the attaching creditors, the property was found to be subject to the attachment, and S. gave security to the sheriff who attached them, for their return, but subsequently put them into the possession of A., who sold them, and who was thereupon summoned as garnishee in the attachment suit: *Held* that in determining whether A. was liable as garnishee, the record of the trial of the right of property between the creditors in the attachment, and S., was properly admitted, and that it was conclusive as to the ownership of the property.

A judgment binds parties and privies.

*Semble,* That a trial of the right of property, under the statute, is conclusive between the parties and privies.

THIS cause was heard at the October term, 1835, of the Morgan Circuit Court, before the Hon. Thomas Ford, without the intervention of a jury. Judgment was rendered for the appellees, for $1,782,18, from which Arenz appealed to this Court.

C. WALKER and J. B. THOMAS, for the appellant.

WM. THOMAS, for the appellee.

WILSON, Chief Justice, delivered the opinion of the Court:

The record in this cause being very voluminous, and presenting a great variety of proceedings and decisions that this Court is not called upon to review, only so much of the record will be stated as is necessary to present the points of our decision. The record shows that two attachments issued at different times, from the Morgan Circuit Court, in favor of Reihle and Bains against one Samuel P. Judson, and that in each case Francis Arenz was summoned as a garnishee. During the progress of the proceedings on the first attachment, several decisions were made, to which the three first assignments of error apply. At the October term, 1835, of the Morgan Circuit Court, it was agreed between

Arenz *v.* Reihle *et al.*

the parties, that both the cases against Arenz, as garnishee of Samuel P. Judson, should be consolidated; and that thereafter the proceedings should be carried on as if there had been but one suit. It was further agreed between the parties, that both matters of law and fact should be tried by the Court; and that the parties should have the same right to except to any opinion of the Court during the progres of the trial, and upon final judgment, as though the cause were tried before a jury; and that such exceptions should be considered in the Supreme Court, as though the cause was tried by a jury.

On the final trial of the cause, pursuant to this agreement of the parties, the Court below, after hearing the testimony adduced, decided that, in the first cause against Arenz, as garnishee, the plaintiffs below were not entitled to recover, and gave judgment in favor of Arenz for costs; and in the second cause, that the plaintiffs were entitled to recover seventeen hundred and eighty-two dollars and eighteen cents, and accordingly gave judgment against Arenz, as garnishee, for that amount. During the progress of the trial, Arenz excepted to the reading of a record offered in evidence by the plaintiffs, which was a record of the trial of the right of property that was had between David Sheldon, who claimed the property levied on by the attachment of Reihle and Bains, at whose suits the attachments issued. The goods levied on by these attachments, were, subsequently to their being thus attached, delivered by Judson to Arenz, which delivery was the ground of summoning said Arenz as garnishee. The Court overruled the objection to the record, and permitted it to be read in evidence.

The errors assigned by the appellant, are,

1. The Court below erred in permitting appellees to file additional interrogatories to appellant, as garnishee.

2. The Court erred in progressing to give a judgment against appellee, after having discharged him and rendered a judgment in his favor.

3. In setting aside the judgment in favor of appellant.

4. In permitting appellees to give in evidence the record stated in the bill of exceptions.

5. In rendering judgment for appellees on the evidence.

In relation to the three first errors assigned, it clearly appears that Arenz could not have been prejudiced by the decisions referred to, because the Court subsequently, upon a final determination of the first cause, to which those decisions relate, decided that case against Reihle and Bains, and in favor of Arenz, the appellant; he cannot, therefore, if those decisions were erroneous, assign them for error. The fourth error relates to the reading in evidence of the record of the trial of the right of property between David Sheldon, claimant, and Reihle and Bains, the

2c*

attaching creditors. In order to understand whether the record was properly received in evidence, it will be necessary to ascertain the object in introducing it. It appears from the record of this case, that Reihle and Bains levied their attachment on goods in the possession of Sheldon, who claimed the goods as his own property, and in order to retain possession of them, after the sheriff had levied on them, gave security to the sheriff for their return, in case a return should be adjudged. He subsequently delivered the same goods to Arenz, who sold them, and who was in consequence thereof summoned as garnishee, on the ground that the goods that thus came to his possession, were the goods of Judson, and not the goods of Sheldon. On the trial of the right of property between Sheldon and Reihle and Bains, the jury decided (and judgment was accordingly given) that the goods belonged to Judson. They were consequently liable to the attachment of Reihle and Bains. The object, then, of introducing this record in evidence, was to establish the fact that the goods which Sheldon had delivered to Arenz, were the goods of Judson, and liable to be applied to the debts of the attaching creditors.

A judgment binds parties and privies. Consequently, to establish the fact that the goods belonged to Judson, and not to Sheldon, the record was not only the best evidence, but conclusive as to that fact. It was clearly part of the *res gesta* to ascertain who was the legal owner of the goods, and for that purpose the record was properly received in evidence. Whether Arenz was to be affected by the fraud of Judson, was a different question, and must depend upon evidence *aliunde* the record. The record proved but one or two facts necessary to be made out, so as to make Arenz liable to account for the goods as garnishee; but whether such other evidence was given in the progress of the cause or not, does not affect the propriety of receiving the record in evidence. The record was therefore good evidence as far as it went; and consequently the fourth assignment of error cannot be sustained.

The fifth assignment, that the Court erred in rendering judgment for the appellees, cannot be sustained. This Court has frequently decided, that where the Court below hear the testimony on both sides, a bill of exceptions does not lie to its judgment on that testimony.

The decision of the Circuit Court is therefore affirmed with costs.

*Judgment affirmed.*

*Note.* See note to Swafford *v.* Dovenor, *Ante* 167; and Ballingall *v.* Spraggins, *Ante* 330.